**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NANDLAL SHIVDASANI, | No. 09-72748 |
| Petitioner, | |
| v. | Agency No. A096-137-820 |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Nandlal Shivdasani, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' dismissal of his appeal from the immigration

judge's denial of his application for asylum, withholding of removal, protection

under the Convention Against Torture and, in the alternative, voluntary departure.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review legal questions *de novo* and review factual findings, including adverse credibility findings, for substantial evidence. *Lopez-Cardona v. Holder*, 662 F.3d 1110, 1111 (9th Cir. 2011); *Chawla v. Holder*, 599 F.3d 998, 1001 (9th Cir. 2010). A denial of asylum, withholding of removal, or CAT relief is reviewed for substantial evidence. *Sinha v. Holder*, 564 F.3d 1015, 1025 (9th Cir. 2009); *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir. 2006). We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition for review.

Shivdasani first challenges the agency's adverse credibility finding. The agency's finding was based on inconsistencies in Shivdasani's testimony regarding where he received medical care after his alleged mistreatment by Kashmiri police and whether he was admitted to the hospital as an outpatient, as well as inconsistencies between his testimony and his argument before the BIA regarding why a letter from his doctor does not mention that he suffered broken bones. These inconsistencies raise questions regarding Shivdasani's credibility. Moreover, given that they bear on the medical care Shivdasani received for his alleged injuries and thus the seriousness of those injuries, we hold that they go to "the heart of the asylum claim." *Singh v. Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004); *Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000). These inconsistencies are distinguishable from those in cases cited by Shivdasani, which involved issues

2

tangential to the alleged persecution, *see Singh v. Ashcroft*, 362 F.3d 1164, 1170–71 (9th Cir. 2004); *Wang v. Ashcroft*, 341 F.3d 1015, 1021–22 (9th Cir. 2003), or were limited to dates, *see Zahedi v. INS*, 222 F.3d 1157, 1166–67 (9th Cir. 2000)*; Shah v. INS*, 220 F.3d 1062, 1067–68 (9th Cir. 2000). The agency's adverse credibility finding is supported by substantial evidence.

Shivdasani's challenges to the agency's denial of asylum and withholding of removal fail. Under the Immigration and Nationality Act, an asylum applicant must show that he is unable or unwilling to return to his country "because of persecution or a well-founded fear of persecution." 8 U.S.C. § 1101(a)(42)(A); *see also id.* § 1158(b)(1)(A). A well-founded fear of future persecution "must be both subjectively genuine and objectively reasonable." *Duarte de Guinac v. INS*, 179 F.3d 1156, 1159 (9th Cir. 1999); *see also Fisher v. INS*, 79 F.3d 955, 960 (9th Cir. 1996) (en banc). Substantial evidence supports the adverse credibility finding. Shivdasani's testimony failed to establish either past persecution or a well-founded fear of future persecution. Although Shivdasani presented several affidavits and other supporting documentation, the agency reasonably determined that these were insufficient to meet his burden. *See Jie Cui v. Holder*, 712 F.3d 1332, 1338 (9th Cir. 2013). Substantial evidence also supports the BIA's finding that Shivdasani

failed to meet the higher burden to show entitlement to withholding of removal. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000).

Protection under CAT applies if the petitioner shows that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2), (d)(1); *see also Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001). Here, the evidence in support of Shivdasani's CAT claim is the same as that in support of his asylum and withholding of removal claims. As such, it is insufficient. Substantial evidence supports the agency's determination. *See Farah v. Ashcroft*, 348 F.3d 1153, 1157 (9th Cir. 2003).

Finally, Shivdasani challenges the agency's denial of voluntary departure. The facts underlying this ruling are undisputed. We have jurisdiction to review it. *See* 8 U.S.C. § 1252(a)(2)(D); *Ramadan v. Gonzales*, 479 F.3d 646, 650 (9th Cir. 2007). An IJ may grant an alien voluntary departure only if he has a passport or other sufficient travel documentation, 8 C.F.R. § 1240.26(b)(3)(i), or "is making diligent efforts to secure it," *id.* § 1240.26(b)(3)(ii). Shivdasani failed to make such a showing.

**PETITION FOR REVIEW DENIED.**